IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ERVIN,

    Plaintiff,

  vs.                                               No. CIV S-05-0269 LKK GGH PS

JUDICIAL COUNCIL OF
CALIFORNIA, et al.,

    Defendants.                         ORDER AND FINDINGS AND
                                                  RECOMMENDATIONS
_____/

        Plaintiff is proceeding in this action pro se.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1), and was transferred from the Northern District of California on February 7, 2005.

        Presently before the court are the State Bar's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), filed February 28, 2005; plaintiff's request for entry of default against all defendants, filed March 9, 2005; motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), by defendants Judicial Council, Superior Court of California - County of Sacramento ("Superior Court"), Virga, Cecil, McMaster, and Castellanos, filed March 15, 2005; and plaintiff's requests for judicial notice, filed March 9, 21, 29, and 31,

\\\\\

2005. Having determined that oral argument was not necessary, but having reviewed the parties' papers, the court now issues the following order and findings and recommendations.

I. <u>BACKGROUND</u>

Plaintiff originally filed his complaint in the Northern District of California on November 22, 2004, alleging violations of Title II of the Americans With Disabilities Act ("ADA") as to all defendants, and conversion as to defendant Castellanos.[1] On February 7, 2005, the Northern District transferred the action to this court.

Plaintiff is a non-practicing attorney with electro-impulse cardiovascular disease and congenital heart murmur arrhythmia, who alleges that these disorders substantially limit major life activities such as hearing, speaking, walking, and performing manual tasks. He has sued the Judicial Council, Superior Court in Sacramento County, four judges assigned to that bench, and the State Bar. Most of the allegations concern prior lawsuits plaintiff was involved in which were litigated in that court. He complains of various actions by the judges in handling his cases which he alleges violated his rights under the ADA. In addition, he has a state law claim of conversion against defendant Castellanos, a judicial commissioner. As for the State Bar, plaintiff claims that his status as "not entitled" to practice implies that he is insane, and violates the ADA. Plaintiff seeks damages, and declaratory and injunctive relief.

II. <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief. <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support

---

[1] Plaintiff had previously filed another action in the Northern District, subsequently transferred to the Eastern District, CIV S-04-2387 DFL PAN, but on December 23, 2004, it was dismissed without prejudice per plaintiff's request. When plaintiff filed this later action in the Northern District, he added the State Bar and the Judicial Council as defendants.

cognizable legal theories. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

\\\\\

1  III. <u>JUDICIAL DEFENDANTS' MOTION TO DISMISS</u> [2]

2      A. <u>Failure to State A Claim Under the ADA</u>

3      In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements:

> (1) the plaintiff is an individual with a disability;  (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;  (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;  and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

<u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir.2002) (citation omitted).  The alleged violation must have been committed by a public entity, and only the public entity can be sued.  <u>Miller v. King</u>, 384 F.3d 1248, 1277 (11th Cir. 2004).

    Because the four individual judges are not public entities, the Title II ADA discrimination claims against them should be dismissed.

    Nevertheless, plaintiff conclusorily alleges "retaliation" against judges Virga and Cecil.  ADA retaliation claims may be brought against individuals.  <u>Miller v. King</u>, <u>supra</u>.  See also <u>Ostrach v. Regents of Univ. Cal.</u>, 957 F. Supp. 196 (E.D. Cal.1997).  Although this ADA

---

[2] Although not raised by defendants, the court briefly considered whether the <u>Rooker-Feldman</u> doctrine applies to this case.  <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923); <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983).  Under these cases, a federal district court does not have jurisdiction to review legal errors in state court decisions.  Nevertheless, the Ninth Circuit has "clarified" <u>Rooker-Feldman</u> nearly out of existence in this Circuit.  Indeed, after <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d 1136 (9th Cir. 2004), even claims on their merits that were reviewed and decided in state court can be re-reviewed in federal court as long as the pleader of the complaint does not expressly assert that he is seeking review of a state law error.  See <u>Kougasian</u>, 359 F.3d at 1142: "Kougasian does not, in these causes of action, allege legal errors by state courts; rather, she alleges wrongful acts by the defendants, such as negligently designing the ski run.... It is true that the factual allegations and legal claims in these four causes of action are almost identical to the allegations and claims asserted in state court...but that is not sufficient reason to find the causes of action barred by *Rooker-Feldman*."  In any event, even if a federal plaintiff is expressly seeking to set aside a state court judgment, <u>Rooker-Feldman</u> does not apply unless a legal error by the state court is the basis for that relief.  See <u>Kougasian v. TMSL, Inc.</u>, 359 F.3d at 1140.

"retaliation" individual liability conclusion is not without contrary authority, another overriding reason mandates that liability against the judges may not be imposed here—judicial immunity. All of the complained of actions were taken within the jurisdiction of the sued judges in litigation events, the litigation having been commenced in state court by plaintiff herein.  Judge Cecil is alleged to have "forc[ed] an adverse ruling on Plaintiff."  Judge Virga is alleged to have retaliated by assigning plaintiff's case to Judge Cecil.  As such, judicial immunity protects these judges from suit.  Stump v. Sparkman, 435 U.S. 349, 359, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir.1996).

In regard to the Judicial Council and Superior Court, plaintiff alleges that they "use[d] Plaintiff's Bar status designation 'NOT ENTITLED' to treat Plaintiff as insane, mentally incompetent, and therefore not entitled to his civil rights.  Plaintiff's true disabling condition is Electro-impulse Cardiovascular Disease.  Plaintiff is not insane as portrayed and conveyed by Defendants."  Compl., ¶ 30.

These defendants contend that such bare allegations do not state a claim under Title II.  Plaintiff's opposition states only that he requests judicial notice of filings and documents associated with his state court case.  It contains no points and authorities.  Furthermore, plaintiff has not alleged what facts or circumstances were involved in this allegation.  Plaintiff's opposition has, in essence, waived opposition.  Arredondo v. Ortiz, 365 F.3d 778 (9th Cir. 2004) (citing Kohler v Inter-Tel Techs., 244 F.3d 1167, 1182 (9th Cir. 2001.)  Bare contentions, unsupported by explanation or authority, are deemed waived.  See FDIC v. Garner, 126 F.3d 1138, 1145 (9th Cir. 1997) (claim waived when no case law or argument in support is presented); Seattle School Dist., No. 1 v. B.S., 82 F.3d 1493, 1502 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); see also Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990); ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point.  We will not do his research for him."); Johnson v.

5

1  Indopco, 887 F. Supp. 1092, 1096 (N.D. Ill. 1995) (finding argument unsupported by relevant
2  authority, or by demonstration of why it is a good argument despite lack of authority, constitutes
3  mere assertion not meriting court's attention).  Therefore, defendants Judicial Council and
4  Superior Court for the County of Sacramento should be dismissed.
5        B.  <u>Conversion Claim against defendant Castellanos</u>
6        Plaintiff alleges that defendant Castellanos, a Judicial Commissioner in Superior
7  Court, deleted some passages from an electronic tape recording of a court trial involving
8  plaintiff, and "stole [] plaintiff's complaining document from the Department of Administrative
9  Commissioner..." Compl., ¶¶ 14, 15.
10       Having found the federal claims fail to state claims on which relief can be granted,
11 the undersigned will recommend that this court decline to exercise supplemental jurisdiction over
12 this state law claim.  See <u>Sinaloa Lake Owners Ass'n v. City of Simi Valley</u>, 70 F.3d 1095, 1102
13 (9th Cir.1995).
14       C.  <u>Plaintiff's Request for Judicial Notice</u>
15       In place of a substantive opposition, plaintiff filed a request for judicial notice on
16 March 31, 2005, asking the court to take notice of plaintiff's tort claim filed on August 18, 2004,
17 a letter from plaintiff to Judge Wilken, plaintiff's notice of damages regarding this action but not
18 filed herein, a letter from plaintiff to Judge Karlton, and plaintiff's application for temporary
19 restraining order and declaration in support thereof, filed in this action on March 28, 2005.  All
20 documents are attached to the request for judicial notice.
21       The party requesting judicial notice bears the burden of persuading the court that
22 the particular fact is not reasonably subject to dispute and is capable of immediate and accurate
23 determination by resort to a source whose accuracy cannot reasonably be questioned and
24 supplying the court with the source material needed to determine whether the request is justified.
25 <u>In re Tyrone F. Conner Corp., Inc.</u>, 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed. R. Evid. 201(b).
26 Specifically, the party must submit to the court a formal pleading, entitled "Request for Judicial

Notice" that enumerates (1) the basis for taking judicial notice, and (2) the item to be noticed (with copies, preferably certified, of the files or materials attached). William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 14:192 (1998); American Glue & Resin v. Air Products & Chemicals, 835 F. Supp. 36, 40-41 (D. Mass. 1993) (a court may take judicial notice of records in related state court proceedings, provided certified copies of the state court records are submitted). Because plaintiff did not enumerate the basis for taking judicial notice, the court cannot judicially notice any of the documents. Plaintiff's request is therefore denied.

IV. STATE BAR'S MOTION TO DISMISS

The State Bar's motion is based on failure to state a federal constitutional claim because plaintiff suffered no deprivation under the ADA, because the State Bar is judicially immune, and because plaintiff has failed to satisfy the federal standard for equitable relief.

The complaint alleges that "the State Bar publishes on its website that Plaintiff is 'NOT ENTITLED' AND 'INVOLUNTARILY INACTIVE' and thereby portrays and conveys to computer users pursuant to CA Bus. & Prof. Code Section 6007.a that Plaintiff is insane." Compl., ¶29. In this regard, plaintiff states that attorney Kearney, Jr. harassed plaintiff into submitting to inactive bar status as part of an unethical agreement to limit plaintiff's practice. (Id.)

These allegations are similarly vague to those made against the Judicial Council and Superior Court. Plaintiff's opposition states only that he requests judicial notice of two words, "vacate" and entirety," and makes frivolous procedural objections to the Bar's motion to dismiss. Plaintiff has not alleged what facts or circumstances were involved in this allegation, and makes no substantive argument in opposition. Based on the case law previously cited, the court also deems this bare contention against the State Bar waived, since it is presented without supporting explanation, argument, or authority. Therefore, the State Bar should also be dismissed.

1. Plaintiff's March 9, 2005 request for judicial notice in regard to this motion is denied. Plaintiff's March 29, 2005 request for judicial notice does not state the basis for taking judicial notice and is also denied.

V. PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST ALL DEFENDANTS

This request, filed March 9, 2005, seeks default of all defendants for failure to answer or respond after the Northern District Court's February 7, 2005 order denying the Judicial Defendants' motion to dismiss and transferring the case to this district, and after this court's February 15, 2005 order vacating without prejudice the State Bar's motion to dismiss.

When the action was pending in the Northern District, defendants, who may not have been served, nevertheless appeared when they made their motion to dismiss and motion to transfer. The motions suspended defendants' requirement of filing an answer, Fed. R. Civ. P. 12(a)(4)(A). The Northern District did not reach the motion to dismiss, but simply transferred the action to the Eastern District. Therefore, the motion to dismiss was still pending when this action was opened in the Eastern District on February 10, 2005. The undersigned vacated defendants' motion to dismiss without prejudice to its renewal on February 15, 2005, thereby starting the ten day clock within which to file an answer. Id. Plaintiff fails to take into account, however, that in computing the "ten day" limitation, one does not take into account weekends, and one adds three days extra time for mail service of the order. See Fed. R. Civ. P. 6(a) and (e). Therefore, defendants' renewed motion on February 28, 2005, was well within time limits, and stopped the time running in which to file an answer. Therefore, plaintiff's request for entry of default is denied. Plaintiff's request for judicial notice, filed March 21, 2005, is denied as unnecessary. Judge Jenkins' February 7, 2005 order is already part of the file in this action.

CONCLUSION

For the reasons stated in this opinion, IT IS ORDERED that plaintiff's requests for judicial notice, filed March 9, 21, 29, and 31, 2005, are denied.

\\\\\

IT IS HEREBY RECOMMENDED that:

1. Defendant State Bar's motion to dismiss, filed February 28, 2005, be granted.

2. Plaintiff's request for entry of default, filed March 9, 2005, be denied.

3. Motion to dismiss by defendants Judicial Council, Superior Court - Sacramento Court, Virga, Cecil, McMaster, and Castellanos, filed March 15, 2005, be granted.

4. Plaintiff should be granted leave to amend against the public entities on the remote chance he will be able to state a claim against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/12/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Ervin269.mtd.wpd