UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY ERVIN,

        Plaintiff,

  v.

JUDICIAL COUNCIL OF CALIFORNIA, et al.,

        Defendants.

                         NO. CIV. S-05-269 LKK/GGH PS

                         O R D E R

/

    Pending before the court is plaintiff's request for reconsideration of the court's August 15, 2005 order, adopting in part the magistrate judge's May 13, 2005 findings and recommendations. For the reasons set forth below, plaintiff's motion for reconsideration is denied.

    "Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir.), cert.

1

1  denied, 508 U.S. 951 (1993)).  Although motions to reconsider are
2  directed to the sound discretion of the court, see Kern-Tulare
3  Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D.
4  Cal. 1986), aff'd in part and rev'd in part on other grounds, 824
5  F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988),
6  considerations of judicial economy weigh heavily in the process.
7  Thus, Local Rule 78-230(k) requires that a party seeking
8  reconsideration of a district court's order must brief the "new or
9  different facts or circumstances . . . which . . . were not shown
10 upon such prior motion, or what other grounds exist for the
11 motion." Generally speaking, before reconsideration may be granted
12 there must be a change in the controlling law or facts, the need
13 to correct a clear error, or the need to prevent manifest
14 injustice.  See Alexander, 106 F.3d at 876.

15      Motion to reconsider are not vehicles permitting the
16 unsuccessful party to "rehash" arguments previously presented. See
17 Costello v. United States Government, 765 F.Supp. 1003, 1009 (C.D.
18 Cal. 1991).  Nor is a motion to reconsider justified on the basis
19 of new evidence available prior to the court's ruling.  See Fay
20 Corp. v. BAT Holdings One, Inc., 651 F.Supp. 307, 309 (W.D. Wash.
21 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990).  Finally, "after
22 thoughts" or "shifting of ground" do not constitute an appropriate
23 basis for reconsideration.  See id.  These relatively restrictive
24 standards "reflect[] district courts' concern for preserving
25 dwindling resources and promoting judicial efficiency." Costello,
26 765 F. Supp. at 1009.

In the case at bar, plaintiff fails to demonstrate that there has been any change in the controlling law or facts, or that there is a need to correct a clear error, or prevent manifest injustice. Plaintiff is merely raising an additional objection to the magistrate judge's findings and recommendations.[1]

Specifically, plaintiff challenges the way the magistrate judge computed the time defendants had to file a renewed motion to dismiss. The court notes that the magistrate judge already addressed this exact concern in the initial findings and recommendations. See Findings and Recommendations at 8:16-22. Even if plaintiff's concerns had not been addressed by the magistrate judge, plaintiff's grounds for reconsideration are not based on new law or facts and do not establish that there was a clear error in the magistrate judge's findings and recommendations.

For these reasons, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: February 24, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Notably, plaintiff himself concedes that he should have raised this objection in his initial objections filed in response to the findings and recommendations.

3