IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ERVIN,

    Plaintiff,

  vs.                                  No. CIV S-05-0269 LKK GGH PS

JUDICIAL COUNCIL OF
CALIFORNIA, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1), and was transferred from the Northern District of California on February 7, 2005.

        Presently before the court is a motion to dismiss filed by defendants Judicial Council of California, Superior Court of California, County of Sacramento, Judges Virga, Cecil and McMaster, and Commissioner Castellanos ("Judicial Defendants"). Plaintiff has also filed a request for judicial notice. Having determined that oral argument was not necessary, but having reviewed the parties' papers, the court now issues the following findings and recommendations.

\\\\\

\\\\\

\\\\\

1

I.  BACKGROUND[1]

Plaintiff originally filed his complaint in the Northern District of California on November 22, 2004, alleging violations of Title II of the Americans With Disabilities Act ("ADA") as to all defendants, and conversion as to defendant Castellanos.[2]  On February 7, 2005, the Northern District transferred the action to this court.

Plaintiff is a non-practicing attorney with electro-impulse cardiovascular disease and congenital heart murmur arrhythmia, who alleges that these disorders substantially limit major life activities such as hearing, speaking, walking, and performing manual tasks.  He has sued the Judicial Council, Superior Court in Sacramento County, four judges assigned to that bench, and the State Bar.  Most of the allegations concern prior lawsuits plaintiff was involved in which were litigated in that court.  He complains of various actions by the judges in handling his cases which he alleges violated his rights under the ADA.  In addition, he has a state law claim of conversion against defendant Castellanos, a judicial commissioner.  As for the State Bar, plaintiff claims that his status as "not entitled" to practice implies that he is insane, and violates the ADA. Plaintiff seeks damages, and declaratory and injunctive relief.

On May 13, 2005, this court issued findings and recommendations, recommending that the motions to dismiss, brought by the State Bar and the Judicial Defendants be granted.  The court recommended that plaintiff be permitted leave to amend against the public entities only.  Those findings were adopted by the district court on June 23, 2005.[3]  Plaintiff has now filed a document entitled "First Amended Complaint" which is merely a request for judicial

---

[1] Much of the background and discussion is repeated verbatim from this court's previous order and findings and recommendations, filed May 13, 2005.

[2] Plaintiff had previously filed another action in the Northern District, subsequently transferred to the Eastern District, CIV S-04-2387 DFL PAN, but on December 23, 2004, it was dismissed without prejudice per plaintiff's request.  When plaintiff filed this later action in the Northern District, he added the State Bar and the Judicial Council as defendants.

[3] The court State Bar's motion to dismiss was denied as moot because on that date, pursuant to plaintiff's request, this court had dismissed the State Bar from this action.

notice with attachments, including a copy of his complaint filed in the Northern District of California on November 22, 2004, as well as other court documents.

II. DISCUSSION

    A. Plaintiff's Request for Judicial Notice

In place of an amended complaint, plaintiff has filed a request for judicial notice, asking the court to take notice of plaintiff's complaint filed in the Northern District of California on November 22, 2004, orders by Judge Jenkins of the Northern District issued in that case, case # Civ. 04-4952 MJJ, and concludes (erroneously) that defendants were required to file an answer within ten days of February 7, 2005. All documents are attached to the request for judicial notice.

The court will exercise discretion to avoid the deficient pro se request to take judicial notice and will take judicial notice of the Northern District filings. However, plaintiff has failed to read Judge Jenkins' order carefully. In the order entitled "transfer order," Judge Jenkins denied defendants' motion to dismiss for improper venue (Fed. R. Civ. P. 12(b)(3)), however, he transferred the case to the Eastern District for the convenience of the parties, and specifically provided: "The Court declines to address Defendant State Bar's Motion to Dismiss." Because Judge Jenkins did not address the Fed. R. Civ. P. 12(b)(6) motion, it remained pending when the case was transferred to the Eastern District. Because the motion was pending, Rule 12(b)(4)'s requirement that an answer be filed within ten days of the "denial" of the motion never came into play.[4] As plaintiff was informed in this court's initial ruling on the motion to dismiss on the merits, while defendants' motion to transfer was denied, that denial had no effect on the pendency of the motion to dismiss on the merits.

\\\\\

---

[4] An answer is required to be filed within ten days if the court postpones ruling until trial. Judge Jenkins did not postpone the motion until trial – he merely refused to consider the motion prior to transfer to the Eastern District.

This court *granted* the pending motion to dismiss on the merits with leave to amend (public entities only) and without leave to amend (as to certain defendants).  Rather than amend as ordered, plaintiff decided to rely on his erroneous interpretation of Judge Jenkins' order and his erroneous interpretation of the Federal Rules of Civil Procedure.  Plaintiff's stubborn refusal to amend his complaint in any substantive way and to address defendant's motion on the merits requires this action to be dismissed.

B. Motion to Dismiss

Legal Standard For Motion To Dismiss

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to include specific facts necessary to support the claim.  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay

1  Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria
2  Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).  "The court
3  is not required to accept legal conclusions cast in the form of factual allegations if those
4  conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness
5  Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or
6  unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th
7  Cir. 1981).
8              Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
9  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is clear that no
10 amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend
11 the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en
12 banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
13              Analysis
14              It appears that both parties have not carefully read this court's findings and
15 recommendations issued May 13, 2005.  Therefore, they will be repeated as necessary.  That
16 opinion recommended dismissal of all judges based on judicial immunity, and declined to
17 exercise jurisdiction over the state law conversion claim against defendant Castellanos.  The
18 court did not recommend permitting amendment against those individuals.  Therefore, the instant
19 motion by the Judicial Defendants will be considered only insofar as it seeks dismissal of the
20 public entities, Judicial Council and Superior Court, against whom plaintiff was permitted to
21 amend.
22              Plaintiff has not amended pursuant to this court's carefully worded advice
23 regarding his failure to state a claim as he has not filed an amended complaint.  Even if his
24 November 2004 complaint filed in the Northern District is construed as an amended complaint, it
25 is simply a photocopy of the original complaint making the same claims which were previously
26 dismissed.  Simply attaching a copy of a Northern District complaint as an attachment to which

judicial notice is requested, the very complaint which was dismissed by this court, does not constitute the filing of an amended complaint.

Even if the filing of a dismissed complaint could be perversely construed as the filing of an amended complaint, the same reasons the complaint was dismissed previously would apply to the "amended complaint."

In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002) (citation omitted). The alleged violation must have been committed by a public entity, and only the public entity can be sued. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005, n. 8 (8th Cir. 1999).

As plaintiff was advised previously, the only factual allegations which mention the public entity defendants in the now dismissed "amended" complaint were paragraphs 30 and 31. In these paragraphs, plaintiff alleged:

> 30. The SacSuperCt and the Judicial Council use Plaintiff's Bar status designation "Not Entitled" to treat plaintiff as insane...
> 31. The portrayal of Plaintiff as "insane" by the State Bar of CA, the Judicial Council of CA, and SacSuperCt places plaintiff in a false light in his community.... Defendants misperceptions of Plaintiff's disability have been adopted by a number of entities important to Plaintiff including, but not limited to, Farmers Insurance Exchange, Fire Insurance Exchange....

The First Cause of Action, which incorporates these paragraphs, simply concludes without defendant specification (all individual and entity defendants are generally charged) that the ADA was violated in several boilerplate particulars. As plaintiff was initially informed, the two

paragraphs of factual allegations and the broad conclusion allegations could in no way stand as viable ADA claims against the public entities. Plaintiff has failed to heed this admonition. There is no point to recommending leave to amend again. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996).

III. CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss by defendants Virga, Cecil, McMaster, and Castellanos, filed April 20, 2006, be dismissed as moot (dismissal already ordered).

2. Defendants Judicial Council and Superior Court of California, County of Sacramento, be dismissed with prejudice.

3. This action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/26/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Ervin269.dis.wpd