1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   GARY ERVIN,
                                    NO. CIV. S-05-269 LKK/GGH PS
12
             Plaintiff,
13
         v.                              O R D E R
14
15   JUDICIAL COUNCIL OF CA,
     et al.,
16
             Defendants.
17   _____/

18       The court is in receipt of plaintiff's motion, entitled

19   "Motion for relief under FRCP 52(b) and 60(b)".  It is currently

20   set to be heard on the December 1, 2006 law and motion calendar.

21   The court decides the matter based on the papers and without oral

22   argument.

23       Plaintiff originally filed his complaint in the Northern

24   District of California on November 22, 2004, alleging violations

25   of Title II of the Americans With Disabilities Act ("ADA") as to

26   all defendants, and conversion as to defendant Castellanos.  On

                                     1

1 February 7, 2005, the Northern District transferred the action to

2 this court.[1]

3    On June 26, 2006, the magistrate judge assigned to the case

4 filed findings and recommendations.  Plaintiff filed objections on

5 July 14, 2006, and July 17, 2006, and they were considered by this

6 court.  On September 11, 2006, the findings and recommendations

7 were adopted by this court.  Accordingly, the motion to dismiss by

8 defendants Virga, Cecil, McMaster, and Castellanos, was dismissed

9 as moot (because a dismissal had already been ordered), defendants

10 Judicial Counsel and Superior Court of California, County of

11 Sacramento, were dismissed with prejudice, and this action was

12 terminated.  Plaintiff now seeks to have the court reconsider or

13 vacate its prior ruling pursuant to Federal Rules of Civil

14 Procedure 52 (b) and 60 (b).

15    Federal Rules of Civil Procedure 52 (b) provides that "[o]n

16 a party's motion filed no later than 10 days after entry of

17 judgment, the court may amend its findings - or make additional

18 findings - and may amend the judgment accordingly." Fed. R. Civ.

19

20    [1] As explained in the findings and recommendations, plaintiff
is a non-practicing attorney with electro-impulse cardiovascular

21 disease and congenital heart murmur arrhythmia, who alleges that
these disorders substantially limit major life activities such as

22 hearing, speaking, walking, and performing manual tasks. He sued
the Judicial Council, Superior Court in Sacramento County, four

23 judges assigned to that bench, and the State Bar. Most of the
allegations concerned prior lawsuits plaintiff was involved in

24 which were litigated in that court. He complained of various
actions by the judges in handling his cases which he alleges

25 violated his rights under the ADA.   As for the State Bar,
plaintiff claimed that his status as "not entitled" to practice

26 implies that he is insane, and violates the ADA.  Plaintiff sought
damages, and declaratory and injunctive relief.

1   P. 52(b).  Judgment was entered in this case on September 12, 2006.
2   Under Rule 52(b), a party has ten days to file a motion pursuant
3   to the rule.  Plaintiff filed the pending motion on September 26,
4   2006 – fourteen days after judgment was entered.  Plaintiff,
5   therefore, failed to file his Rule 52 motion in accordance with the
6   time limits set forth in Rule 52(b).

7        Federal Rule of Civil Procedure 60(b) provides that on "motion
8   and upon such terms as are just, the court may relieve a party .
9   . . from a final judgment . . . for . . . . any reason justifying
10  relief from the operation of the judgment. . . ." Fed. R. Civ. P.
11  60(b)(6).  This catch-all provision of Rule 60(b) "vests power in
12  courts adequate to enable them to vacate judgments whenever such
13  action is appropriate to accomplish justice." Klapprott v. United
14  States, 335 U.S. 601, 615 (1949).  Nonetheless, in order to seek
15  relief under Rule 60(b)(6), the movant must demonstrate
16  "extraordinary circumstances." Liljeberg v. Health Services
17  Acquisition Corp., 486 U.S. 847 (1988)(quoting Ackermann v. United
18  States, 340 U.S. 193, 199 (1950)).

19       Plaintiff has failed to demonstrate the existence of
20  "extraordinary circumstances" which would justify vacating the
21  court's prior ruling.  Plaintiff states that the "transferor
22  Court's complex transfer order was issued by a District Judge –
23  Jenkins.  Such complex transfer order is an extra-ordinary
24  circumstance." Pl.'s Mot. for Relief at 5.  Plaintiff fails to
25  explain what he means by this statement or how the transfer order
26  was, in fact, such an extraordinary circumstance that it would

1  warrant this court vacating its prior decision.  Moreover, the

2  court notes that the findings and recommendations issued on June

3  26, 2006 addressed the issue of how and why the case was

4  transferred.

5        For these reasons, plaintiff's motion is DENIED.  The hearing

6  set for December 1, 2006 is accordingly VACATED.

7        IT IS SO ORDERED.

8        DATED: November 16, 2006.

9

10

11                              LAWRENCE K. KARLTON

12                              SENIOR JUDGE
                                UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26